**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| BRENDA L. HOSLER, )<br>                    Plaintiff,     )<br>   v.                                  )<br>                                       )<br>FRANCIS J. HARVEY, as Secretary   )<br>of the Department of the Army,     )<br>                                       ) | Case No.  05-2152 |

---

## REPORT AND RECOMMENDATION

In July 2005, Plaintiff Brenda Hosler, acting *pro se*, filed a Complaint for Sex Discrimination in Violation of 42 U.S.C. § 2000e, *et seq*. (Title VII of the Civil Rights Act of 1964), and Retaliation (§ 704(a) of Title VII of the Civil Rights Act of 1964) (#1), against Defendant Francis Harvey, Secretary of the Department of the Army.  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff's claims allege violations of federal law.

In April 2006, Defendant filed a Motion To Dismiss Plaintiff's Complaint for Failure To State a Cause of Action (#9).  In response, Plaintiff filed a Motion To Quash Defendant's Motion To Dismiss for Failure To State a Cause of Action (#13), which the Court deems to be Plaintiff's response to the motion to dismiss.  After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Plaintiff's Complaint for Failure To State a Cause of Action **(#9)** be **DENIED** and that Plaintiff's Motion To Quash Defendant's Motion To Dismiss for Failure To State a Cause of Action **(#13)** be **DENIED**.

### I.  Background

The following background is taken from the complaint.  Plaintiff began her career in the Army as a Supervisory Staff Administrator in November 2000.  (#1, ¶ 12.)  At the time of the

incidents alleged in the complaint, Plaintiff was employed as a Supervisory Staff Administrator with the 332nd Quartermaster Battalion (hereinafter "332nd") and the 88th Regional Readiness Command.  (#1, ¶ 2.)

In November 2001, Battalion Commander Lieutenant Colonel Timothy Fucik assumed command of the 332nd and became Plaintiff's supervisor.  (#1, ¶ 15.)  Plaintiff alleges that on the first day of his command, Fucik "asserted publicly that women had no place in the military." (#1, ¶ 16.)  Fucik continued to make sexually discriminatory statements including, "women do not belong in the military" and "I don't like civilians or females under the tent."  (#1, ¶ 17.) Fucik subjected Plaintiff to other harassing behavior, including public reprimands, and Captain Felix Rivera-Rivera also subjected Ms. Hosler to sex-based hostility.  (#1, ¶¶ 18, 19.)  Plaintiff alleges that despite her complaints to Fucik about Rivera-Rivera, such hostile behavior did not stop.  (#1, ¶ 20.)

In September 2002, Plaintiff wrote a letter to Congressman Tim Johnson complaining about the alleged harassment she experienced from Fucik and Rivera-Rivera.  (#1, ¶ 21.)  As a result of this letter, Fucik retaliated against Plaintiff by threatening to discipline her and by issuing a proposal of a two-day suspension.  (#1, ¶ 22.)

In December 2002, Plaintiff made initial contact with an Equal Employment Opportunity (hereinafter "EEO") counselor.  (#11, Ex. 20, Report of Investigation, p. 1.)  She filed a formal complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") in February 2003, complaining of sex discrimination and reprisal.  (#1, ¶ 4.)  Specifically, this first EEOC complaint stated she had been subject to a pattern of harassment including "changes to the rating scheme in September and October 2002," the aforementioned statements by Fucik, and the proposal to suspend Plaintiff without pay.  (Report of Investigation, p. 1.)

On April 9, 2003, Fucik served Plaintiff with a two-day suspension.  Two days later, Plaintiff sent an email to Fucik requesting time off, stating that "she could no longer endure the harassing environment that . . . Fucik was subjecting her to."  (#1, ¶ 25.)  In response to this

email, Fucik initiated disciplinary actions with the Civilian Personnel Department against Plaintiff, characterizing the email as unprofessional conduct and insubordination.  (#1, ¶ 26.)

In May 2003, Plaintiff and the Army entered into a Negotiated Settlement Agreement settling her February 2003 complaint.  (#1, ¶ 27.)  Plaintiff understood the agreement to resolve all outstanding disciplinary actions including actions related to her April 2003 email.  Nevertheless, in July 2003, Fucik issued an Official Letter of Reprimand for Plaintiff's April 2003 email.  (#1, ¶ 28.)

In August 2003, Plaintiff filed a second EEOC complaint alleging reprisal and retaliation for her previous EEO action.  (#1, ¶ 29.)  In September 2003, Plaintiff filed a notice of noncompliance with the Negotiated Settlement Agreement with the EEOC.  (#1, ¶ 30.)  In October 2003, the EEOC, the Department of the Army, and the Complaints Review Agency found that management had not complied with the terms of the Negotiated Settlement Agreement and ordered the agency to reinstate Plaintiff's initial EEOC complaint for further action.  (#1, ¶ 31.)  Ms. Hosler then requested a hearing before the EEOC, which consolidated her two complaints for a hearing.  (#1, ¶ 6.)

In October 2004, Plaintiff withdrew her request for an EEOC hearing and requested a final decision on all charges from the Department of the Army.  (#1, ¶ 7; #11, Ex. 19, Letter from Dep't of the Army EEO Compliance and Complaints Review, p. 1.)  The Army issued its final decision on all charges in April 2005, finding that Plaintiff was not the victim of discrimination on either of the EEOC complaints filed by Plaintiff.  (Letter from Army EEO Compliance and Complaints Review, p. 4.)

In July 2005, within ninety days of the issuance of the final agency decision, Plaintiff timely filed a complaint alleging that (1) Defendant discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) (hereinafter "Title VII"); and (2) Defendant retaliated against her in violation of Title VII.  Specifically, in Count I, Plaintiff alleges that Fucik, her superior officer, discriminated against her on the basis of

her sex.  In Count II, Plaintiff alleges that as a result of her complaints to the EEOC, as well as an email to a member of Congress concerning the alleged discrimination, Fucik engaged in conduct that constituted retaliation under 42 U.S.C. § 2000e-3(a).

## II.  Standard

Federal Rule of Civil Procedure 8(a) states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the complaint is to give the opposing party "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details."  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1215 (2d ed. 1990).

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims, and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis
### A.  Motion To Dismiss

Defendant argues that the Court should dismiss parts of Count I for failing to state a claim and/or for lack of timeliness.  In addition, Defendant argues that the Court should dismiss Count II because it fails to state a claim.  In the alternative, Defendant argues that the Court should enter summary judgment in favor of Defendant on both counts.

Rule 12(c) provides that this Court may treat the motion as a motion for summary judgment in the event the Court chooses to rely on facts outside the pleadings.  *See* FED. R. CIV. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are

presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion.")  At this time, the Court declines to consider the factual information that Defendant provided.  Instead, the Court will consider Defendant's arguments in the context of a motion to dismiss; that is, based solely on the allegations of the complaint.  Defendant is invited to file a separate motion for summary judgment pursuant to the Local Rules of the Central District of Illinois.

### 1.  Count I:  Sex Discrimination in Employment

Count I alleges sex discrimination in employment in violation of Title VII.  (#1, ¶ 34.)  In support of her claim, Plaintiff alleges a number of facts regarding the conduct of Fucik and Rivera-Rivera in Paragraphs 1-32.  These allegations include the following:  (1) Fucik suspended Plaintiff for two days beginning April 9, 2003; (2) Fucik made statements regarding women and their place in the military; and (3) Fucik proposed to suspend Plaintiff without pay on or about December 16, 2002.

In its motion to dismiss, Defendant treats each of these allegations as if it were a separate basis for her claim of sex discrimination.  Defendant also presents arguments regarding Plaintiff's assertion that Fucik made sexually discriminatory changes to Plaintiff's rating scheme in 2002.  Plaintiff included this allegation in her initial EEOC complaint, but it was not included in the complaint before this Court.  Therefore, the Court will not address Defendant's arguments regarding changes to the rating scheme, including the argument regarding timeliness.

The Court first notes that one pleads a claim for relief by briefly describing the events.  At this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.  *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).  For example, a complaint for racial discrimination need say only that, "I was turned down for a job because of my race."  *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).  With this standard in mind, the Court will now consider Defendant's arguments.

Defendant argues that Plaintiff's allegation regarding the two-day suspension "is more in the nature of a discreet action and not sexual harassment." (#10 at p. 11.) Defendant seems to be arguing that because this is a discreet act, it cannot be used to support a claim of sexual harassment, which occurs when a workplace is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment based on sex. *Russell v. Bd. of Trs. of the Univ. of Ill.*, 243 F.3d 336, 342-43 (7th Cir. 2001). However, even if Defendant is correct that the suspension constitutes a discreet act that cannot support a sexual harassment charge, "dismissal" of a particular allegation is not appropriate at the pleading stage. Furthermore, regardless of how we characterize the two-day suspension, information regarding this suspension may also constitute relevant evidence of discrimination.

Defendant next argues that Plaintiff has not shown that the December 2002 proposal to suspend Plaintiff and the two-day suspension in April 2003 were motivated by sex. Thus, Defendant contends that the Court should dismiss those allegations. However, when considering a motion to dismiss, the appropriate question is not "what are the facts?" Instead, the Court must ask, "is there a set of facts that, if proved, would show that the case had merit?" Defendant's argument raises fact questions which the Court cannot consider at the motion to dismiss stage. Therefore, at this time, dismissal is inappropriate.

Defendant next argues that the statements that Fucik and Rivera-Rivera allegedly made to Plaintiff do not rise to a degree of severity and pervasiveness required to avoid summary judgment. As noted above, the Court is not treating this motion as a motion for summary judgment. Furthermore, the statements alleged by Plaintiff in her complaint are the kind of statements that can constitute evidence of harassment and discrimination. "[Courts] must consider any sexually explicit language or *stereotypical statements* within the context of all of the evidence of harassment in the case, and then determine whether the evidence as a whole creates a reasonable inference that the plaintiff was discriminated against because of his sex." *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1085 (7th Cir. 2000) (emphasis added). Statements such as, "women do not belong in the military," and "I don't like civilians or females

under the tent," are certainly stereotypical statements that could be considered as evidence of harassment.

Based on liberal notice pleading rules, Count I of Plaintiff's complaint adequately states a claim against Defendant.  Defendant's arguments address specific allegations in Count I as if each allegation constituted a separate basis for Plaintiff's claim of sex discrimination.  At this stage in the proceedings, the Court declines to fine-tune the complaint.  As the Seventh Circuit has stated, "[t]he Rules of Civil Procedure make a complaint just the starting point.  Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving."  *Bennett*, 153 F.3d at 518.  Accordingly, the Court recommends denying Defendant's motion to dismiss Count I for failure to state a claim.

### 2.  Count II:  Retaliation

Count II of the complaint alleges that Defendant retaliated against Plaintiff in violation of Title VII.  Plaintiff again bases this claim on the allegations contained in Paragraphs 1-32. (#1, ¶ 36.)  Defendant once again addresses each allegation separately and argues that:  (1) only one of those allegations has been properly exhausted in the administrative process; and (2) this allegation is insufficient to support a retaliation claim under Title VII.

As an initial matter, Defendant contends that Plaintiff's retaliation claim is limited to Fucik's July 2002 act of issuing an official written letter of reprimand, because she failed to exhaust her administrative remedies regarding any other claims.  42 U.S.C. § 2000e-5(f)(1); *Gorence v. Eagle Food Ctrs, Inc.,* 242 F.3d 759, 763 (7th Cir. 2001) (Title VII requires a plaintiff to exhaust her administrative remedies by presenting her claims to the EEOC before filing a federal lawsuit); *see Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (stating that, as a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that she did not include in her EEOC charge).

The Court has reviewed Plaintiff's EEOC complaints and concludes that the letter of reprimand was not the sole act of reprisal alleged in Plaintiff's EEOC complaints:  In

7

Complaint 1 of the Report of Investigation, Plaintiff also mentions discrimination based on reprisal, specifically referring to Fucik's proposal to suspend her without pay and her actual suspension as being instances of reprisal. *Id.* Therefore, Plaintiff has exhausted administrative remedies as to these allegations as well as the allegation related to the letter of reprimand.

Next, Defendant contends that the letter of reprimand is similar to a negative performance evaluation, and therefore it cannot, on its own, constitute an adverse employment action in establishing retaliation under Title VII. *See Grube v. Lau Indus., Inc.*, 257 F.3d 723, 729 (7th Cir. 2001) (stating that "unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions"). However, as established above, Plaintiff has alleged acts of retaliation other than the letter of reprimand. Furthermore, even if a negative performance evaluation or reprimand, standing alone, cannot state a claim of discrimination, it can constitute relevant evidence of discrimination with respect to other employment actions that clearly are adverse employment actions under the statute. *See Sweeney v. West*, 149 F.3d 550, 556 (7th Cir. 1998) (explaining that negative performance evaluations could constitute evidence of discrimination under the right circumstances). Finally, Plaintiff is not required to include all her evidence in her complaint. Here, Plaintiff alleged that Defendant retaliated against her based on her sex. Based on notice pleading standards, she has adequately stated a claim for retaliation and the Court recommends denying the motion to dismiss Count II.

## B.  Motion To Quash

This Report and Recommendation addresses the merits of Defendant's motion to dismiss; therefore, the Court recommends denying Plaintiff's motion to quash.

## IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss Plaintiff's Complaint for Failure To State a Cause of Action **(#9)** be **DENIED,** and that Plaintiff's Motion To Quash Defendant's Motion To Dismiss for Failure To State a Cause of

Action **(#13)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 18th day of July, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE